```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


DARRYL JACKSON,                    )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )    No. 4:04CV1603-DJS
                                   )
MORRISON MANAGEMENT c/o            )
Compass Group,                     )
                                   )
          Defendant.               )
```

## ORDER

After several attempts at service of process on defendant by mail to an address in North Carolina, a default was entered on May 17, 2005. A copy of the Court's order directing the entry of default was served on CT Corporation System. Now before the Court is defendant's motion to vacate the entry of default and for leave to file counsel's entry of appearance on behalf of defendant.

Defendant argues that the service of process attempted by registered mail was legally insufficient and did not provide actual notice of the action to defendant. Specifically, defendant represents that the address at which the summons was served by mail is not that of any agent for service of process on defendant, but that of a sister company having a common parent but separate management from defendant. Further, defendant represents that it has been unable to identify the individual who signed for the certified mail delivery of the summons and complaint, and that

those papers were never delivered or made known to defendant, who became aware of the action only through the mailing of the Court's order to CT Corporation System, which is defendant's agent for service of process in Missouri. Plaintiff has filed no timely opposition to the motion.

Good cause having thus been shown, both as to the inadequacy of service and defendant's previous failure to plead, the Court will grant defendant's motion and set aside the default. Further supporting this relief is the well-established principle that default judgments are disfavored in the law, and that there exists a strong policy in favor of adversarial testing of a complaint on the merits and against depriving a party of its day in court. See, e.g., In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995); Chrysler Corporation v. Carey, 186 F.3d 1016, 1020 (8th Cir. 1999). Plaintiff's motion for default judgment will therefore also be denied without prejudice as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to vacate entry of default and for leave to file appearance *instanter* [Doc. #15] is granted.

**IT IS FURTHER ORDERED** that the default entered May 17, 2005 is hereby vacated.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #13] is denied without prejudice as moot.

Dated this __14th__ day of June, 2005.

                                            /s/Donald J. Stohr
                                            UNITED STATES DISTRICT JUDGE