**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **DARRYL JACKSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:04CV1603-DJS |
| ) | |
| **MORRISON MANAGEMENT,** ) | |
| ) | |
| Defendant. ) | |

<u>ORDER</u>

Pro se plaintiff Darryl Jackson filed the instant complaint pursuant to Title VII of the Civil Rights of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, against his former employer, Morrison Management. Plaintiff alleges in his complaint that his termination was discriminatory because it was motivated by plaintiff's sex and by retaliation. Now before the Court is defendant's motion for summary judgment.

In determining whether summary judgment should issue, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the movant to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v. Citrate</u>,

477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §2739 (1983).

The Supreme Court has indicated that: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). Thus, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'." Id. at 587. The Eighth Circuit has acknowledged that the "trilogy of recent Supreme Court opinions" demonstrates that the courts should be "more hospitable to summary judgments than in the past" and that a motion for summary judgment "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc., 838 F.2d 268, 273 (8th Cir. 1988).

The following facts are undisputed for purposes of the motion for summary judgment. Defendant employed plaintiff as a food service worker at Forest Park Hospital. In June 2003, based on an incident in which plaintiff was found to have made inappropriate remarks to a co-worker about her underwear, plaintiff was disciplined and informed that further misconduct could lead to termination. Subsequently, plaintiff was also warned against his practice of "screening" female job applicants, and told that his role in the job application process was limited to directing applicants to the department secretary. Two months later, in August 2003, the department secretary complained that plaintiff had again interfered in the application process, and plaintiff admitted that he had asked the secretary to place applications belonging to certain female applicants in a separate stack. In response to this admitted conduct by plaintiff, contrary to a previous warning about interfering in the application process, defendant terminated plaintiff's employment on August 14, 2003. The decision to terminate plaintiff was made by Tracy Scranton, Director of Food and Nutrition Services, on the recommendation of Susan Kamaravel, the individual in the human resources department who had conducted an investigation into plaintiff's interference in the application process.

**Retaliation Claim**

Plaintiff's retaliation claim requires proof that: (1) plaintiff engaged in activity protected under Title VII; (2) he subsequently suffered an adverse employment action by the defendant; and (3) a causal connection existed between plaintiff's activity and the adverse action. Rheineck v. Hutchinson Technology, Incorporated, 261 F.3d 751, 757 (8th Cir. 2001). Defendant argues that it is entitled to judgment as a matter of law on the retaliation claim because plaintiff offers no evidence that he engaged in protected activity under Title VII or that the decisionmakers involved in his termination were aware of any protected activity by plaintiff.

Plaintiff asserts that he helped his sister, Denise Johnson, also a former employee of defendant, file an EEOC charge against Tracy Scranton, but plaintiff has not produced the charge. Scranton and Kamaravel both attest in their affidavits that they had no knowledge of any such charge filed by Denise Johnson, and only became aware of plaintiff's claim that he assisted his sister in filing such a charge after plaintiff filed his own EEOC charge, which was after plaintiff's termination. Although plaintiff's deposition testimony identifies two Morrison employees who were notified of his sister's EEOC filing (one of whom was subsequently terminated), plaintiff admitted in his deposition that he does not know whether Scranton was aware of his sister's EEOC charge. [Def. Exh. P, Doc. #34-4, p.91] Scranton and Kamaravel's affidavits attest that they were unaware of any complaint of discrimination

4

filed by a Morrison employee during plaintiff's tenure as an employee.

On this record, plaintiff cannot reasonably persuade any jury that Scranton or Kamaravel were motivated to terminate plaintiff because of his assistance to his sister with her EEOC charge, because plaintiff offers no admissible evidence to show that, at the time of his termination, either Scranton or Kamaravel were aware of plaintiff's sister's EEOC charge or plaintiff's assistance to her regarding it.[1]  Furthermore, whether assisting his sister as he claims constitutes protected activity under Title VII depends upon the nature of her claims of discrimination in the EEOC charge.  "[T]he complaint which allegedly led to the retaliation must have related to conduct protected under Title VII."  Brower v. Runyon, 178 F.3d 1002, 1006 (8th Cir. 1999). Although Denise Johnson's EEOC charge is not part of the record, the record indicates that Denise Johnson's cause for complaint was related not to Title VII and its protections, but to the Family and

---

[1] Only competent and admissible evidence is appropriate for the Court's consideration in determining whether summary judgment is warranted. See Firemen's Fund Ins. Co. v. Thien, 8 F.3d 1307, 1310 (8th Cir. 1993).  One of plaintiff's exhibits contains a suggestion that Scranton was aware plaintiff assisted his sister with her EEOC filing.  The exhibit in question is a copy of Denise Johnson's letter to the Civil Rights Enforcement Agency, dated July 16, 2004, referencing "how Tracey [Scranton] knew Darryl [plaintiff] gave me information for my case."  This hearsay statement is not admissible and cannot be considered by the Court.  Inasmuch as it fails to identify what in particular Scranton is alleged to have known, and, importantly, when she knew it, even if considered this statement would not prevent summary judgment for the reasons it is here granted.

Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, *et seq.* Plaintiff's Deposition, Def. Exh. P [Doc. #34-4], pp.88-89. Because plaintiff is unable to demonstrate that his alleged protected activity comes within the ambit of Title VII, his retaliation claim premised on Title VII is subject to summary judgment.

Finally, plaintiff lacks evidence that could reasonably support a jury determination that the non-discriminatory reason defendant offers for plaintiff's termination was false and was a pretext for unlawful retaliation. Plaintiff's quarrel with the soundness of Scranton's judgment in terminating plaintiff, without more, is not evidence of retaliation. Davenport v. Riverview Gardens, 30 F.3d 940, 945 (8th Cir. 1994). Debate as to whether the disciplinary actions plaintiff received were warranted by the nature of the alleged misconduct does not give rise to an inference of retaliation or discrimination, particularly where at the time plaintiff admitted the conduct for which the discipline was imposed. Contentions concerning the seriousness of various incidents "merely question[] the soundness of defendant's judgment." Davenport, 30 F.3d at 945. Discrimination claims do not require or authorize the federal courts to engage in examination of the wisdom of an employer's judgment in personnel matters. See, e.g., McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 512 (8th Cir. 1995); Smith v. Monsanto Chemical Co., 770 F.2d

719, 723 n.3 (8th Cir. 1985). "Title VII prohibits intentional discrimination based on certain, discrete classifications; it does not prohibit employment decisions based on other factors, such as job performance, erroneous evaluations, personality conflicts, or even unsound business practices." Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1109 (8th Cir. 1998); Hill v. St. Louis University, 123 F.3d 1114, 1120 (8th Cir. 1997).

**Gender Discrimination Claim**

Title VII requires that, prior to a civil action, the claimant assert his discrimination claims in charges filed with the EEOC and receive a "right to sue" letter. 42 U.S.C. §2000e-5(b), (c), (e). Where this procedure is followed, the exhaustion requirement is satisfied for the allegations asserted in the administrative charge, as well as for allegations "like or reasonably related to" those asserted in the administrative charge. Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir. 1996). Plaintiff's administrative charge of discrimination, filed with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Human Rights Commission ("MHRC"), contained only a retaliation claim and did not assert that plaintiff's termination was an act of gender discrimination. Defendant is therefore entitled to summary judgment on plaintiff's gender discrimination claim.

In the alternative, defendant's argument that plaintiff fails to identify a similarly situated female afforded more favorable treatment appears to be well taken, and summary judgment on the gender discrimination claim is also warranted by plaintiff's inability to support the necessary showing that defendant's non-discriminatory reason for his termination was pretextual, as discussed above with regard to the retaliation claim.

Accordingly, and for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #34] is granted.

**IT IS FURTHER ORDERED** that the May 1, 2006 trial setting is vacated.

Dated this ___16th___ day of March, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE
